IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEBRA DAVIS**, | Case No. 3:12-cv-0808-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON**, | |
| Defendant. | |

Daniel Snyder, Carl Post, and John Burgess, LAW OFFICES OF DANIEL SNYDER, 1000 S.W. Broadway, Suite 2400, Portland, OR 97205. Of Attorneys for Plaintiff.

Gregory E. Skillman and Kimberly Sewell, TriMet, 1800 S.W. First Avenue, #300, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Trial is scheduled to begin in this case on July 28, 2015. Dkt. 109. Pending before the Court are Plaintiff's Motion for Protective Order and to Quash Subpoena (Dkt. 119) and Defendant's Motion to Compel Plaintiff to Execute Consent for Release of Subpoenaed Information (Dkt. 121). For the reasons that follow, Plaintiff's motion (Dkt. 119) is GRANTED, and Defendant's motion (Dkt. 121) is DENIED.

PAGE 1 – OPINION AND ORDER

Plaintiff Debra Davis ("Davis") asserts numerous claims against her employer, Tri-County Metropolitan Transportation District of Oregon ("TriMet").[1] Defendant recently served a subpoena *duces tecum* on the Social Security Administration ("SSA"), directing the SSA to deliver to Defendant's counsel on June 19, 2015, certain records "pertaining to the application for Social Security Disability benefits" submitted by Plaintiff and the SSA's award of benefits to Plaintiff as of February 23, 2012. Dkt. 119, at 3. The date required for compliance is approximately six weeks before trial begins. In her Motion for Protective Order and to Quash Subpoena (Dkt. 119), Plaintiff argues that, among other things, fact discovery closed on October 29, 2013 (Dkt. 53), Plaintiff applied for social security benefits in 2012, and "Defendant had ample opportunity to conduct discovery regarding Plaintiff's social security benefits prior to the close of discovery and chose not to." Dkt. 119, at 2. In response, Defendant asserts:

> [T]he close of fact discovery between the parties does not prevent a party from subpoenaing information from non-parties, such as the Social Security Administration or from potential witnesses in the case. If the Court were to adopt plaintiff's argument, a non-party trial subpoena could never be issued after the close of fact discovery, which is not the case.

Dkt. 120, at 1-2.

Defendant's response is a *non –sequitur*. A trial subpoena may be issued after the close of fact discovery. Defendant, however, did not issue a "trial subpoena." Trial begins on July 28, 2015, and the subpoena issued by Defendant commands production of documents at Defendant's

---

[1] Plaintiff is still employed by TriMet but has been on permanent disability since March 12, 2012. Plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12112; the Family Medical Leave Act, 29 U.S.C. § 2601; Oregon's Advantages Given Veterans in Public Employment statute, Or. Rev. Stat. § 408.225; Oregon's Unlawful Employment Discrimination Against Injured Workers statute, Or. Rev. Stat. § 659A.040; Oregon's Rehabilitation Act, Or. Rev. Stat. § 659A.103; Oregon's Unlawful Employment Discrimination statute, Or. Rev. Stat. § 659A.030 (race discrimination); and Oregon's Family Medical Leave Act, Or. Rev. Stat. § 659A.150. *See* Dkt. 105.

PAGE 2 – OPINION AND ORDER

office on June 19, 2015. Dkt. 119, at 3. Because the documents requested are being demanded to be produced before trial, it is fact discovery. Further, because the period for fact discovery has been long closed and Defendant failed to request that it be reopened, which requires good cause under Fed. R. Civ. P. 16(b)(4), Plaintiff's motion is well taken.

Moreover, even if Defendant had subpoenaed a witness from the SSA to attend trial, which, by itself, likely would be proper, a demand that such a witness also bring to trial copies of certain documents from the SSA's files likely would be improper, as fact discovery being conducted after the close of such discovery. Then-U.S. Magistrate, now U.S. District Judge, Anthony J. Battaglia, thoroughly analyzed this issue in an earlier case. Judge Battaglia wrote:

> Plaintiffs are correct in their assertion that the subpoena issued by Defendants was an improper use of discovery devices after the close of discovery in this case. Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case. *See Marvin Lumber & Cedar Co. v. PPG Industries, Inc*., 177 F.R.D. 443, 445 (D. Minn.) (subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed. R. Civ. P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery); *Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569 (E.D. Pa.1997) (where party could not show information sought was unknown during discovery, party could not use trial subpoena to secure production of documents at trial); *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okl.1995) (subpoenas *duces tecum* for particular records, issued to third parties after close of discovery for purposes of discovering impeachment material, were quashed as improper attempt to engage in discovery after designated time period); *BASF Corp. v. Old World Trading Co*., 1992 WL 24076 (N.D. Ill.1992) (trial subpoenas quashed as improper discovery after close of appropriate time period). Although narrow exceptions to this rule exist (for instance a trial subpoena could be used to secure an original document, copies of which were obtained during discovery, where there is an objection regarding authenticity of the document for admission at trial, *see Puritan Inv. Corp.*, 1997 WL 793569 at *1 and cases cited therein), none of those exceptions apply here.

PAGE 3 – OPINION AND ORDER

*Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 661-62 (S.D. Cal. 1999). Because none of the recognized exceptions apply here, Plaintiff's Motion for Protective Order and to Quash Subpoena (Dkt. 119) is GRANTED.

For the same reasons, Defendant's Motion to Compel Plaintiff to Execute Consent for Release of Subpoenaed Information (Dkt. 121) is DENIED. Defendant is seeking fact discovery well after the period for fact discovery has closed and without seeking leave to reopen fact discovery and showing good cause to do so under Fed. R. Civ. P. 16(b)(4).

Finally, nothing in this ruling is intended to prevent any party from asking Plaintiff (or any other witness) at trial about Plaintiff's application for or receipt of social security benefits or representations made to the SSA. Indeed, nothing in this ruling is intended to prevent Defendant from asking Plaintiff at trial to confirm that Plaintiff declined to sign a "consent for release of subpoenaed information" form. Whether such questions properly may be asked at trial may be a topic that one or more parties may want to brief in a pretrial motion *in limine*, but nothing in this ruling is intended to express a conclusion that either forecloses or allows such a line of inquiry.

## CONCLUSION

Plaintiff's Motion for Protective Order and to Quash Subpoena (Dkt. 119) is GRANTED. Defendant's Motion to Compel Plaintiff to Execute Consent for Release of Subpoenaed Information (Dkt. 121) is DENIED

**IT IS SO ORDERED**.

DATED this 18th day of June, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER