IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEBRA DAVIS**, | Case No. 3:12-cv-0808-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON**, | |
| Defendant. | |

Daniel Snyder, Carl Post, and John Burgess, LAW OFFICES OF DANIEL SNYDER, 1000 S.W. Broadway, Suite 2400, Portland, OR 97205. Of Attorneys for Plaintiff.

Gregory E. Skillman and Kimberly Sewell, TriMet, 1800 S.W. First Avenue, #300, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Trial is scheduled to begin in this case on July 28, 2015. Dkt. 109. Pending before the Court is Defendant TriMet's Motion to Reopen Fact Discovery. Dkt. 137. For the reasons that follow, Defendant's motion is GRANTED. Although Plaintiff asserts that Defendant unreasonably delayed in conducting the discovery at issue, that delay was reasonable in light of Plaintiff's allegations in Plaintiff's Complaint and First Amended Complaint.

PAGE 1 – OPINION AND ORDER

# BACKGROUND

Plaintiff Debra Davis ("Davis") asserts numerous claims against her employer, Tri-County Metropolitan Transportation District of Oregon ("TriMet").[1] Defendant recently served a subpoena *duces tecum* on the Social Security Administration ("SSA"), directing the SSA to deliver to Defendant's counsel on June 19, 2015, certain records "pertaining to the application for Social Security Disability ("SSD") benefits" submitted by Plaintiff and the SSA's award of benefits to Plaintiff as of February 23, 2012. Dkt. 119, at 3. The date required for compliance was approximately six weeks before trial begins. Plaintiff moved for a Protective Order and to Quash Subpoena (Dkt. 119), arguing that, among other things, fact discovery closed on October 29, 2013 (Dkt. 53), Plaintiff applied for social security benefits in 2012, and "Defendant had ample opportunity to conduct discovery regarding Plaintiff's social security benefits prior to the close of discovery and chose not to." Dkt. 119, at 2. The Court granted Plaintiff's Motion for Protective Order and to Quash Subpoena. Dkt. 124. In that same Order, the Court denied Defendant's Motion to Compel Plaintiff to Execute Consent for Release of Subpoenaed Information (Dkt. 121).

# DISCUSSION

Defendant now moves to reopen fact discovery for the limited purpose of obtaining documents "concerning plaintiff's application for Social Security Disability benefits, her

---

[1] Plaintiff is still employed by TriMet. Since March 12, 2012, however, Plaintiff has been on what Plaintiff calls "long term disability" and what Defendant calls "permanent disability." Plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12112; the Family Medical Leave Act, 29 U.S.C. § 2601; Oregon's Advantages Given Veterans in Public Employment statute, Or. Rev. Stat. § 408.225; Oregon's Unlawful Employment Discrimination Against Injured Workers statute, Or. Rev. Stat. § 659A.040; Oregon's Rehabilitation Act, Or. Rev. Stat. § 659A.103; Oregon's Unlawful Employment Discrimination statute, Or. Rev. Stat. § 659A.030 (race discrimination); and Oregon's Family Medical Leave Act, Or. Rev. Stat. § 659A.150. *See* Dkt. 105.

PAGE 2 – OPINION AND ORDER

ongoing confirmation of her entitlement to such benefits, and the Social Security Administration's ("SSA") decisions to award and continue making disability benefits available to plaintiff." Dkt. 137, at 1-2. Defendant argues that good cause exists to reopen fact discovery based on Plaintiff's recently-filed expert witness disclosure of Plaintiff's economist Christian J. Miner. In Mr. Miner's report dated May 20, 2015, Mr. Miner assumes for purposes of his damages calculation for future wages that Plaintiff "will continue working for TriMet until she reaches the age of 62." *Id*. at 5. According to Defendant, "Mr. Miner's expert opinion was TriMet's first tangible indication that plaintiff would be asserting a claim for lost wages *after* the date of her total disability," which Defendant maintains was February 23, 2012, based on Plaintiff's disability determination by the SSA. *Id.* at 5-6 (emphasis in original).

Plaintiff responds that good cause does not exist to reopen fact discovery because Defendant "was aware more than a year prior to the close of discovery that Plaintiff had filed for SSD." Dkt. 139, at 3. Plaintiff adds that her Complaint, filed on May 7, 2012 (Dkt. 1), seeks future lost wages after March 2012, and that her First Amended Complaint, filed on May 2, 2013 (Dkt. 45), continued to seek future lost wages and benefits. *Id.* Plaintiff further states that during her deposition on July 9, 2013, Plaintiff stated that she was released to light duty and able to return to work with accommodations and that in response to Defendant's motion for summary judgment, Plaintiff stated that she is on disability leave because of Defendant's refusal to provide accommodations for her disability. *Id.* Thus, Plaintiff concludes, Defendant had knowledge of Plaintiff's claimed economic damages including front pay, and Mr. Minor's report is not good cause to reopen discovery. *Id.* Plaintiff further argues that reopening discovery on this issue so close to trial would be prejudicial to Plaintiff. According to Plaintiff, if discovery is reopened and Defendant obtains and presents Plaintiff's social security file to the jury, then Plaintiff will

PAGE 3 – OPINION AND ORDER

need to offer "additional expert testimony to explain the social security laws and someone to testify specifically why Plaintiff was provided benefits." *Id.* at 5.

In reply, Defendant argues:

> Although the Court and TriMet cannot be certain without reviewing plaintiff's disability file, it appears that plaintiff, and her doctors, told the Social Security Administration that plaintiff cannot perform any substantial gainful activity, and the Administration therefore determined that she was "disabled" as of February 23, 2012. This information, coupled with TriMet's award of Permanent Disability benefits to plaintiff as of March 12, 2012, led TriMet to reasonably believe that any lost future wages that plaintiff might be claiming would be cut off as of the February 23, 2012, date of her disability.
>
> TriMet's conclusion was reinforced by the Declaration of plaintiff's treating physician, Dr. Puziss [Doc. #81], filed on April 7, 2014, in response to TriMet's motion for summary judgment, wherein he states that he placed plaintiff on temporary total disability on November 14, 2011, and that she remains on "temporary total disability." In his May 14, 2014, expert report, Dr. Puziss reiterated his opinion that plaintiff's temporary total disability is "ongoing." See, Exhibit 4 to TriMet's Opposition to plaintiff's Motion to Quash [Doc. #120-4]. Given these facts, there is no reason to assume that plaintiff could claim future lost wages beyond the November 14, 2011, date that Dr. Puziss found that she was temporarily totally disabled, or the February 23, 2012, date that the Social Security Administration determined that she was disabled from "any substantial gainful activity" by reason of a "medically determinable physical or mental impairment." 20 C.F.R. §404.1505(a), §404.1509, §404.1571 and §404.1572.
>
> Plaintiff fails to adequately address this issue when she argues that she made a claim for future lost wages in both her May 7, 2012, Complaint [Doc. #4] and her May 2, 2013, First Amended Complaint [Doc. #45]. In both complaints, plaintiff recited a litany of economic damages, including past lost wages, benefits, future lost earnings and benefits, and future pecuniary losses. *However, in both complaints, she capped all of her various economic damages at a sum "not expected to exceed $500,000." Doc. #4,[2] ¶53, Doc. #45, ¶176 and Prayer, ¶2.*

---

[2] Defendant presumably meant to refer to Dkt. 1, rather than Dkt. 4.

PAGE 4 – OPINION AND ORDER

Dkt. 153, at 2-3 (footnote omitted) (emphasis added) (brackets in original). Thus, Defendant concludes:

> Given these facts, it was reasonable for TriMet to conclude that plaintiff's lost wages claim could not exceed the amount she might have earned as a manager like Mr. Jalalipour until November of 2011 or February of 2012, which certainly would not be "expected to exceed $500,000." Prayer, ¶2, Doc. #45. This is not consistent with Mr. Miner's opinion that plaintiff's economic damages exceed $1.3 million, premised in part by his assumption that plaintiff has future lost wages that continue after the date of her disability, until her projected retirement age of 62. The fact that plaintiff pleaded economic damages amount not to exceed $500,000 does not refute TriMet's assertion that "Mr. Miner's expert opinion was TriMet's first tangible indication that plaintiff would be asserting a claim for lost wages after the date of her total disability."

Dkt. 153, at 4.

The Court agrees with Defendant's reasoning. Plaintiff originally alleged in her Complaint that "Plaintiff's economic damages are not expected to exceed $500,000." Dkt. 1, ¶ 53. Plaintiff repeated this allegation in her First Amended Complaint. Dkt. 45, ¶ 176 and Prayer, ¶2. This, however, is inconsistent with the Mr. Miner's recently-filed expert report. Dkt. 126, at 29-32 and 36. It is also inconsistent with Plaintiff's Itemized List of Special Damages, where Plaintiff asserts that the present value of her "lost front pay" is between $705,766 and $875,159, and that Plaintiff's total economic damages exceed $2 million. Dkt. 127, at 2.

By her two pleadings filed during the discovery period asserting that her total economic damages are "not expected to exceed $500,000," Plaintiff appears to have lulled Defendant into believing that Plaintiff would not be seeking economic damages for "front pay" beyond February or March 2012. The Court makes no finding regarding whether this was Plaintifff's intention or simply the inadvertent result of Plaintiff later revising her economic damage theories and calculations. In either event, however, it was not until Plaintiff recently filed her pretrial

PAGE 5 – OPINION AND ORDER

documents that Defendant learned the full extent of Plaintiff's claim for economic damages, including front pay until Plaintiff turns 62. Because Plaintiff has not offered to limit her total economic damages to $500,000, Defendant's motion to reopen discovery is well taken and any prejudice to Plaintiff is of her own making.

## CONCLUSION

Defendant TriMet's Motion to Reopen Fact Discovery (Dkt. 137) is GRANTED. Not later than July 7, 2015, Plaintiff shall sign a Consent for Release of Information form (Dkt. 121-1) and provide it to Defendant's counsel. Defendant shall promptly provide Plaintiff's counsel with a copy of all documents obtained as a result of that signed Consent. Further, Defendant shall not publicly disclose any of the documents or information learned as a result of that signed Consent, absent further court order or prior consent of Plaintiff. The parties shall promptly confer on the form of an appropriate protective order concerning Plaintiff's confidential information. Finally, both sides have leave to file amended pretrial documents (including expert witness reports) to reflect the information learned as a result of the signed consent, but any confidential information concerning Plaintiff shall be filed under seal.

**IT IS SO ORDERED**.

DATED this 2nd day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge