IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEBRA DAVIS**, | Case No. 3:12-cv-0808-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON**, | |
| Defendant. | |

Daniel Snyder, Carl Post, and Cynthia Gaddis, LAW OFFICES OF DANIEL SNYDER, 1000 S.W. Broadway, Suite 2400, Portland, OR 97205. Of Attorneys for Plaintiff.

Gregory E. Skillman and Kimberly Sewell, TriMet, 1800 S.W. First Avenue, #300, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Defendant Tri-County Metropolitan Transportation District of Oregon ("TriMet") moves for reconsideration of the Court's opinion denying TriMet's previous motion for summary judgment regarding Davis's claim under Oregon Revised Statute § 408.230 ("Veteran's Preference Statute"). As discussed below, because TriMet offers no persuasive new evidence or law and no evidence of clear error or manifest injustice, TriMet's motion for reconsideration is denied.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

A district court has inherent power, derived from the common law, to rescind, reconsider, or modify an interlocutory order. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure."); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (noting that a district court has the inherent authority to modify, alter, or revoke any non-final order). A district court "'possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient'" *City of Los Angeles*, 254 F.3d at 889 (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981))). In addition, Federal Rule of Civil Procedure 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities."

Reconsideration may be appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (citation and quotation marks omitted) (alteration in original)). "[R]econsideration is appropriate only in very limited circumstances . . . ." *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999). Raising arguments or providing evidence in a motion for reconsideration that could have been included when litigating the original motion are not proper grounds for reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in

PAGE 2 – OPINION AND ORDER

earlier litigation."); *Shalit*, 182 F.3d at 1132 (finding no abuse of discretion by district court in denying a motion for reconsideration when movant offered no reason for failure to provide the evidence when litigating the underlying motion); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse.").

## DISCUSSION

TriMet argues that the Court should reconsider its conclusion interpreting the Veteran's Preference Statute to require preference be given at each stage of the application process. TriMet offers three pieces of evidence to support its argument: (1) a February 8, 2012, notice from Oregon's Bureau of Labor and Industries ("BOLI") to Plaintiff in response to a complaint she filed before the agency, informing Plaintiff that BOLI was dismissing the investigation and advising Plaintiff she had 90 days to file suit in circuit court; (2) draft legislation to amend the Veteran's Preference Statute that was proposed but not passed by Oregon's legislature during the most recent legislative session; and (3) a memorandum from Deputy Legislative Counsel dated May 14, 2015 ("LC's Memorandum"), which was issued after the Court's summary judgment opinion was issued.

With respect to the BOLI argument and evidence, summary judgment before this Court was litigated in 2014. TriMet offers no reason why it could not have raised this specific argument or provided the Court with BOLI's 2012 letter during the original litigation of this issue. It is inappropriate for TriMet to offer in a motion for reconsideration new argument or evidence that could have been offered earlier in the litigation. *See Marlyn Nutraceuticals*, 571 F.3d at 880; *Shalit*, 182 F.3d at 1132; *Rosenfeld*, 57 F.3d at 811.

With respect to the proposed 2015 legislation, the Court does not find the recently proposed legislation, which was not passed, to be evidence of the intent or meaning of the 2007

PAGE 3 – OPINION AND ORDER

revision to the Veteran's Preference Statute, which was in effect at the relevant time. Furthermore, the proposed 2015 legislation would provide that preference would have to be given twice under a certain application process. The process TriMet engaged in during the relevant time period is comparable to the process that the proposed 2015 legislation contemplates would involve giving preference twice. For this particular application process, the proposed legislation would require a scored 5 or 10 point preference be given at the pre-interview stage, and then an unscored preference be given at the final selection, where a disabled veteran gets "greater preference" than a veteran. *See* Dkt. 159-1 at 3 (providing shaded emphasis for the two stages at which preference would be given in a "tested and scored" hiring process).

With respect to the LC's Memorandum, the Court does not find this to be persuasive evidence that the Court erred in interpreting the Veteran's Preference Statute. In its summary judgment opinion, the Court concluded that the text of the statute was ambiguous as to whether the preference points had to be given at each stage of the application process versus only once during the entire application process. Although finding the text to be ambiguous, the Court noted that the statute sets out how "the preference" is to be applied at different hiring stages, with points applied at each stage. The Court further noted that if the legislature had intended an employer be able to choose only one stage in which to apply the preference, it likely would have said so more clearly. The Court then noted that BOLI had promulgated a rule stating that veteran's preference had to be applied at each stage. The Court gave BOLI's interpretation deference because considering the text and context of the statute, the Court found BOLI's rule to be consistent with the legislative intent in 2007 in expanding the Veteran's Preference Statute.

The LC's Memorandum does not definitively find to the contrary, but notes that it is difficult to discern the legislature's intent and concludes only that BOLI's rule is "not necessarily

PAGE 4 – OPINION AND ORDER

supported by the legislative intent." In reaching this conclusion the LC's Memorandum relies heavily on the statute's use of the articles "a" and "the" in the phrases "a preference" and "the preference." The LC's Memorandum does not, however, analyze the effect of the text immediately following the clause that uses "a preference" and "the preference." That text states that preference points shall be given at an initial application screening and then shall also be given at a scored application examination, "given after the initial application screening." O.R.S. § 408.230(2).[1] The legislature's inclusion of preference points to be given at an initial application screening and also at a scored application examination given after the initial application screening supports the argument that the legislature intended preference points be given at more than one stage.[2] Moreover, the LC's Memorandum states that only one case has addressed the issue of whether preference points can apply more than once, identifying a case from the Oregon Court of Appeals from 1981. Although this Court had issued its opinion analyzing this precise question eight months earlier, the LC's Memorandum did not identify this Court's opinion, let alone discuss this Court's statutory interpretation analysis. The Court recognizes that its opinions are not binding or precedential authority, but the LC's Memorandum would have been more persuasive evidence of possible error by the Court if the LC's Memorandum had discussed how this Court had erred in its analysis.

---

[1] In the 2007 Veteran's Preference Statute, the relevant statute for this litigation, the clauses describing how to apply the preference points were subclauses to the introductory clause that used "the preference" and "a preference." *See former* O.R.S. § 408.230(1)(a)-(c) (2007). In the 2011 amendment, subclauses 1(a)-(c) became subclauses 2(a)-(c).

[2] Additionally, the summary of Senate Bill 822, as introduced, which is the amendment to the Veteran's Preference Statute in 2007, states that the amendment to the statute "[p]ermits [a] veteran or disabled veteran to use preference more than once," which also supports an argument that the legislature intended preference points be given at more than one stage. The LC's Memorandum does not discuss this summary.

PAGE 5 – OPINION AND ORDER

## CONCLUSION

TriMet fails to meet its burden to show an intervening change in controlling law, new evidence showing that the Court erred, or that the Court's interpretation of the Veteran's Preference Statute was clear error or caused manifest injustice. Accordingly, TriMet's motion for reconsideration (Dkt. 159) is DENIED.

**IT IS SO ORDERED**.

DATED this 10th day of July, 2015.

                                                 /s/ Michael H. Simon
                                               Michael H. Simon
                                               United States District Judge