IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEBRA DAVIS**, | Case No. 3:12-cv-0808-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON**, | |
| Defendant. | |

Daniel Snyder, Carl Post, and John D. Burgess, LAW OFFICES OF DANIEL SNYDER, 1000 S.W. Broadway, Suite 2400, Portland, OR 97205. Of Attorneys for Plaintiff.

Gregory E. Skillman and Kimberly Sewell, TriMet, 1800 S.W. First Avenue, #300, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

The parties seek clarification from the Court on the limitations period for actionable conduct supporting Plaintiff's claims under the American with Disabilities Act ("ADA") and the effect, if any, of the complaint that Plaintiff filed on February 11, 2011, with the Bureau of Labor and Industries ("BOLI"). Defendant Tri-County Metropolitan Transportation District of Oregon ("TriMet") argues that Plaintiff's BOLI complaint is irrelevant because it did not identify the

ADA as a statute under which claims were being brought and thus Plaintiff's ADA claims limited to events occurring on or after May 10, 2011.[1]

Plaintiff responds that although the ADA was not specifically identified in her BOLI complaint, the facts alleged put TriMet on notice that Plaintiff was claiming discrimination and retaliation based on disability. Plaintiff further argues that under Oregon's governing regulation, a BOLI complaint does not need to identify any specific statute but merely needs to recite the facts alleged and how those facts relate to the harm alleged, which, Plaintiff argues, she did in her BOLI complaint. Finally, Plaintiff argues that TriMet has already admitted that Plaintiff appropriately notified TriMet of her ADA claims in her BOLI complaint in TriMet's Answer to Plaintiff's First Amended Complaint. In her Amended Complaint, Plaintiff alleges that she filed charges with BOLI and the U.S. Equal Employment Opportunity Commission ("EEOC") that included, among others, violations of the ADA. Dkt. 45, ¶ 4(a). In answering Plaintiffs' Amended Complaint, TriMet admitted paragraph 4. Dkt. 46, ¶ 1.

The Court finds that Plaintiff's BOLI complaint filed on February 11, 2011, and received by the EEOC on February 23, 2011, provided sufficient notice that Plaintiff was alleging discrimination and retaliation under the ADA. In her BOLI complaint, Plaintiff listed disability as one of her relevant protected classes. Dkt. 171-1, ¶ 4. In her first allegation of "Discrimination and Retaliation," Plaintiff stated that she had been subjected to unlawful employment practices, including retaliation and discrimination "for engaging in protected activity of making internal complaints and reporting discrimination based on disability and race . . . ." *Id.* ¶ 7. She also alleged that she "experienced adverse treatment by maintenance management and co-workers

---

[1] TriMet applies the parties' agreed-upon one-year statute of limitations from the date Plaintiff filed her complaint in federal court, May 10, 2012, without consideration of the effect of Plaintiff's BOLI complaint.

PAGE 2 – OPINION AND ORDER

because of my disability." *Id.* ¶ 8. She further alleged that TriMet refused to accommodate her and that she eventually "stopped working under directions from my doctor because I had not been accommodated." *Id.* ¶¶ 21, 35.

Additionally, the operative Oregon Administrative Rule states that a BOLI complaint must contain: (a) the name and address of the complainant and respondent; (b) the protected class of the complaint; (c) the signature of the complainant; and (d) the actions complained of, including the date, the alleged action and how it harmed the complainant, and the causal connection between the protected class and the alleged harm. Or. Admin. R. 839-003-0005(5). It does not require that any specific statute under which violations are alleged be identified. Plaintiff's BOLI complaint satisfies Or. Admin. R. 839-003-005(5).

Moreover, the Court notes that TriMet admitted in its answer that Plaintiff filed a BOLI complaint alleging violations of the ADA. TriMet never amended this answer. Admissions in pleadings are binding, and TriMet may not dispute the admitted fact at this stage in the litigation. *See, e.g.*, *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) ("Facts admitted in an answer, as in any pleading, are judicial admissions that bind the [party] throughout this litigation."); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court. Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well. Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." (quotation marks and citations omitted) (alteration in original)).

A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to bringing an ADA action. 42 USC § 12117(a) (incorporating the enforcement procedures as set forth at 42 USC § 2000e-5); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). According to 42 USC § 2000e-5(e), a complainant must "file a charge with the EEOC within 180 days of the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days." *Santa Maria*, 202 F.3d at 1176. Thus, Plaintiff's ADA claims can only be based on actions that occurred 300 days before Plaintiff filed her EEOC compliant.

TriMet argues that Plaintiff filed her EEOC complaint on February 23, 2011. Plaintiff responds that the date she filed her BOLI complaint is deemed to be the date she filed her EEOC complaint. Plaintiff asserts that BOLI and the EEOC have a work-share agreement that makes the date of Plaintiff's filing with BOLI the effective date of Plaintiff's filing with the EEOC. Although Plaintiff did not provide the Court with a copy of this work-share agreement, this Court has repeatedly found that such a work-share agreement exists. *See Pearson v. Reynolds Sch. Dist. No. 7*, 998 F. Supp. 2d 1004, 1019 (D. Or. 2014); *EEOC v. Fred Meyer Stores, Inc.*, 954 F. Supp. 2d 1104, 1113 (D. Or. 2013); *Wood v. Klamath Pub., Inc.*, 2010 WL 4365558, at *4 (D. Or. Oct. 29, 2010). Accordingly, Plaintiff's ADA claims may be based on allegedly unlawful employment practices occurring 300 days before February 11, 2011; *to wit*, April 20, 2010. *See Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999); *Pearson*, 998 F. Supp. 2d at 1019; *Fred Meyer*, 954 F. Supp. 2d at 1113.

Plaintiff argues, however, that she can base her ADA claims on conduct as early as February 2, 2010, because the alleged unlawful employment practices were a series of related acts and, therefore, subject to the "continuing violations doctrine." Plaintiff cites to a case from

PAGE 4 – OPINION AND ORDER

the U.S. Court of Appeals for the Ninth Circuit from 1982 to support her continuing violations argument. Plaintiff's argument is without merit.

The acts Plaintiff alleges are subject to the continuing violations doctrine are that when Davis requested an accommodation or complained of discrimination, TriMet responded by running an absence history on Plaintiff and sending her "time loss" letters that were disciplinary in nature. She received such letters on February 8, 2010, March 9, 2010, and March 24, 2010, as well as other times during the limitations period. These are allegedly independent discriminatory acts, however, and are no longer subject to the continuing violations doctrine.

Before the Supreme Court's 2002 decision in *National Railroad Passenger Corp. v. Morgan*,[2] the Ninth Circuit had recognized two methods by which a plaintiff may establish a continuing violation: (1) showing a serial violation by pointing to a series of related acts against one individual, of which at least one falls within the relevant period of limitations; or (2) showing a systematic pattern or practice of discrimination that operated, in part, within the limitations period. *See Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003) ("Prior to *Morgan*, a plaintiff arguably could invoke the continuing violations doctrine by demonstrating either a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the statutory period." (quotation marks omitted)). In *Morgan*, however, the Supreme Court substantially limited the continuing violations doctrine, rejecting its application to so-called "serial violations."[3] Specifically, the

---

[2] 536 U.S. 101 (2002).

[3] "Although *Morgan* involved Title VII of the Civil Rights Act of 1964, the Supreme Court's analysis of the continuing violations doctrine is not limited to Title VII actions. It applies with equal force . . . to actions arising under other civil rights laws." *Cherosky*, 330 F.3d at 1246 n. 3 (applying *Morgan's* analysis of the continuing violations doctrine to the Rehabilitation Act).

PAGE 5 – OPINION AND ORDER

Supreme Court held: "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113.

A discrete discriminatory act consists of conduct that "occurred" on the day it "happened," which includes, for example, "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 114. The Ninth Circuit has found that denying an employee's request for the accommodation of a respirator, even though such denials were made pursuant to an ongoing company policy, constitutes a discrete act. *Cherosky*, 330 F.3d at 1246. For discrete discriminatory acts, "[e]ach incident of discrimination . . constitutes a separate actionable 'unlawful employment practice.'" *Morgan*, 536 U.S. at 114. Incidents occurring outside of the limitations period are not actionable, but evidence of those incidents may be admitted as relevant background evidence to support a related timely claim. *Id.* at 113.

The continuing violations doctrine still applies to hostile work environment claims and may still apply to claims of a "systemic pattern and practice" of unlawful employment practices. *See Morgan*, 536 U.S. at 107, 115 n.9 (noting that the doctrine applies to hostile work environment claims and declining to consider whether it applies to pattern and practice claims). Although Plaintiff argues the alleged discriminatory acts against her were "part of an overall pattern," the facts alleged by Plaintiff do not support the applicability of a "pattern and practice" claim of continuing violations. For such a claim, the question is not whether TriMet engaged in a pattern of discriminating against Plaintiff, but whether TriMet had a widespread and systemic pattern and practice of discrimination. *See Cherosky*, 330 F.3d at 1247 ("As the Supreme Court explained, pattern-or-practice claims cannot be based on 'sporadic discriminatory acts' but rather must be based on discriminatory conduct that is widespread throughout a company or that is a

routine and regular part of the workplace." (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977))). Plaintiff asserts no such facts.

## CONCLUSION

Plaintiff's ADA claims may be based on alleged unlawful employment practices occurring on or after April 20, 2010. Evidence of related earlier incidents may be admissible as background evidence to support Plaintiff's timely-filed claims.

**IT IS SO ORDERED**.

DATED this 17th day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 7 – OPINION AND ORDER